David H. BROOKS, Theodore Gibson and A. Joseph Reddick, Plaintiffs,

v.

CITY OF TALLAHASSEE, a Municipal Corporation of the State of FLORIDA, George S. Taff, J. W. Cordell, W. T. Mayo, Davis H. Atkinson and Hugh E. Williams, Jr., as Commissioners of the City of Tallahassee, and American News Company, Inc., a Delaware Corporation, Defendants.

Civ. A. No. 825.

United States District Court
N. D. Florida,
Tallahassee Division.

Oct. 17, 1961.

G. E. Graves, Jr., Miami, Fla., Constance B. Motley, Derick Bell, New York City, for plaintiff.

James Messer, Jr., William C. Harris, Tallahassee, Fla., for City of Tallahassee.

Mark Hulsey, Jr., Jacksonville, Fla., for American News Co.

· CARSWELL, Chief Judge.

Upon plaintiffs' class action for injunctive relief against the defendants American News Company, Inc., operating the Savarin Restaurant, and the City of Tallahassee, testimony was adduced at hearing pursuant to notice, evidence received, and counsel for the respective parties heard on argument.

Upon this record the Court now makes findings of fact pertinent to the issues as between plaintiffs and the respective defendants, which said findings lead to the conclusions of law also set forth below.

### FINDINGS OF FACT

1. The Tallahassee Municipal Airport is a publicly owned airport facility maintained and operated with public funds of the City of Tallahassee within the Northern District of Florida and the jurisdiction of this Court.

2. The American News Company, Inc., leases from the City of Tallahassee a restaurant at the Tallahassee Municipal Airport which the American News Company, Inc., operates under the name of "Savarin Restaurant". The lease agreement itself, plaintiffs' and defendants' Exhibit No. 1, is silent as to service of patrons of the restaurant. There is no affirmative requirement that service be denied, or that service be made, to persons upon consideration of race. The policy of the defendant American News Company, Inc., and the Savarin Restaurant is and has been to serve all persons regardless of their race and color in all of its restaurant facilities at numerous other locations within the State of Florida and elsewhere, including Miami, Jacksonville, Fort Lauderdale and St. Petersburg.

3. It is the stated policy of the American News Company, Inc., and the Savarin Restaurant to serve all persons regardless of race and color in their restaurant at the Tallahassee Municipal Airport.

4. Some of the plaintiffs were refused service at the restaurant on April 24, 1961 on the basis of race or color by a person in apparent authority of the defendant American News Company, Inc.

5. The City of Tallahassee has erected and maintained signs at the Tallahassee Municipal Airport designating separate waiting rooms with lunchroom counter located at one waiting room designated specially for "colored". The rest room facilities used in conjunction with the restaurant and the lunch counter are also designated racially, and were erected and maintained by the City of Tallahassee.

6. The American News Company, Inc., operates the lunchroom counter above referred to, but the signs are erected and maintained solely by the City of Tallahassee.

7. The stated policy of the City of Tallahassee is not to enforce compliance of the public in observing the dictates of the rest room facility signs.

8. In view of the foregoing findings of fact it is neither necessary nor pertinent here to make additional findings with reference to closing of the restaurant on June 15 and June 16, 1961, and at various times thereafter. The legality of the arrests made by the City of Tal-

lahassee is not an issue in this proceeding, and this Court specifically makes no finding in regard thereto.

## CONCLUSIONS OF LAW

■ 1. This Court has jurisdiction of this cause under the Fourteenth Amendment of the Constitution of the United States (Equal Protection Clause), and on Congressional enactments in 28 U.S.C. § 1343 and 42 U.S.C.A. § 1983. The action of the defendant American News Company, Inc., through one in apparent authority at its door was a violation of constitutional rights as enunciated by the Supreme Court of the United States in Burton v. Wilmington Parking Authority et al., 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); in accordance also from the United States Court of Appeals, Fifth Circuit: Derrington v. Plummer et al., 240 F.2d 922 (1956) cert. denied 353 U.S. 924, 77 S. Ct. 680, 1 L.Ed.2d 719 (1957); and also Coke v. City of Atlanta et al., 184 F. Supp. 579 (D.C.N.D.Ga.1960).

■ 2. The erection and maintenance by the defendant City of Tallahassee of signs located at Tallahassee Municipal Airport are evidence of a continuing policy of said defendant, stated openly, thereby depriving plaintiffs, and the class they represent, of their constitutional rights on the same basis and upon the same authorities as hereinabove set forth in paragraph 1.

3. There is no requirement in law that the City of Tallahassee in leasing its publicly owned facility to the American News Company, Inc., include in instrument of lease any language with reference to discrimination because of race or color. That which is lawful is read into every valid instrument, and that which is unlawful could not be made valid by its inclusion therein.

■■ 4. Since equity interposes by injunction to prevent future rather than past acts, acts and practices will not furnish a basis for injunctive relief when they have been discontinued or abandoned before institution of the suit brought to restrain them, or even after such suit is begun, particularly where there is nothing to indicate a probability that they will be resumed. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303; Fram Corp. v. Boyd, 230 F.2d 931 (5th Cir. 1956); Bowles v. Carnegie-Illinois Steel Corp., 149 F.2d 545 (7th Cir. 1945).

■ In determining whether injunction should be granted against a course of conduct which has been discontinued, consideration must be given to the bona fides of the expressed intent not to repeat it, the effectiveness of the discontinuance, and the character of past violations. United States v. Oregon State Medical Soc., 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978; United States v. W. T. Grant Co., supra.

■ This Court gives special consideration to the unequivocal averments of the defendant American News Company, Inc., that its policy at the particular facility involved in this action will be to continue to serve customers without regard to race or color. The Court concludes that despite the violation heretofore found, injunction against defendant American News Company, Inc., should be denied as unnecessary.

■ The defendant City of Tallahassee's erection and maintenance of the designated signs at its publicly owned facility, however, constitutes a continuing violation through the course of this proceeding itself as reflected by this record, and the Court therefore concludes that plaintiffs' prayer for injunction must be granted in accordance with law.

Order to this effect is therefore entered this day.