TURNER *v.* CITY OF MEMPHIS ET AL.

No. 84.   Argued February 27, 1962.—Decided March 26, 1962.

*Constance Baker Motley* argued the cause for appellant. With her on the brief were *Jack Greenberg* and *James M. Nabrit III.*

*Frank B. Gianotti, Jr.* argued the cause for the City of Memphis, appellee. With him on the briefs was *James M. Manire.*

*John M. Heiskell* argued the cause for Dobbs Houses, Inc., et al., appellees. With him on the briefs was *Edward P. A. Smith.*

PER CURIAM.

Appellant, a Negro who was refused nonsegregated service in the Memphis Municipal Airport restaurant operated by appellee Dobbs Houses, Inc., under a lease from appellee City of Memphis, instituted this action on behalf of himself and other Negroes similarly situated seeking an injunction against such discrimination. He rested jurisdiction upon 28 U. S. C. § 1343 (3) and premised the cause of action upon 42 U. S. C. § 1983. Although the complaint alleged that appellees acted under color of state law, it did not identify any particular state statutes or regulations being challenged. But appellees' answers, in addition to asserting that the restaurant was a private enterprise to which the Fourteenth Amendment did not apply, invoked Tenn. Code Ann. §§ 53–2120, 53–2121, and Regulation No. R–18 (L). The statutes as now phrased authorize the Division of Hotel and Restaurant Inspection of the State Department of Conservation to issue "such rules and regulations . . . as may be necessary pertaining to the safety and/or sanitation of hotels and restaurants . . ." and make violations of such regulations a misdemeanor. The regulation, promulgated by the Division, provides that "Restaurants catering to both white and negro patrons should be arranged so that each race is properly segregated." The answers also set up the lease agreement which provides, *inter alia,* that the leased premises are to be used "only and exclusively for lawful pur-

poses, and no part of the premises shall be used in any manner whatsoever for any purposes in violation of the laws of . . . the State of Tennessee . . . ." The City of Memphis alleged further that unless and until the regulation was declared unconstitutional, the city would be bound to object to desegregation of the restaurant by Dobbs Houses as a violation of Tennessee law and of the lease. Dobbs Houses alleged that desegregation by it of the restaurant would therefore subject it to forfeiture of the lease. Dobbs Houses later amended its answer to include a defense based on Tenn. Code Ann. § 62–710. That statute "abrogates" Tennessee's common-law cause of action for exclusion from hotels or other public places, and declares that the operators of such establishments are free to exclude persons "for any reason whatever."

When the appellant moved for summary judgment before a single district judge, the appellees opposed the motion on the ground that the relief sought necessarily challenged the constitutionality of the state statutes and regulation so that under 28 U. S. C. §§ 2281, 2284, a three-judge court was required. The single judge thereupon convened a three-judge court. Upon renewal by the appellant before that court of his motion for summary judgment, the appellees urged, and the three-judge court ordered, that appellant's suit should be held in abeyance pending a "Declaratory Judgment suit to be brought by plaintiffs in the Tennessee Courts seeking an interpretation of the State statutes under consideration." Appellant, being in doubt whether the case was one "required . . . to be heard and determined by a district court of three judges," in addition to appealing from the abstention order directly to this Court under 28 U. S. C. § 1253, also perfected a timely appeal to the Court of Appeals for the Sixth Circuit. We postponed consideration of the question of our jurisdiction of the direct appeal to the hearing on the merits. 368 U. S. 808.

Whether or not it may be said that appellant's complaint is to be read as seeking, under 28 U. S. C. § 2281, an "injunction restraining the enforcement, operation or execution of [a] . . . State statute by restraining the action of any officer of such State in the enforcement or execution of such statute," a question which we need not decide, it is clear for other reasons that a three-judge court was not required for the disposition of this case. Since, as was conceded by Dobbs Houses at the bar of this Court, the Dobbs Houses restaurant was subject to the strictures of the Fourteenth Amendment under *Burton* v. *Wilmington Parking Authority,* 365 U. S. 715, the statutes and regulation invoked by appellees could have furnished a defense to the action only insofar as they expressed an affirmative state policy fostering segregation in publicly operated facilities. But our decisions have foreclosed any possible contention that such a statute or regulation may stand consistently with the Fourteenth Amendment. *Brown* v. *Board of Education,* 347 U. S. 483; *Mayor & City Council* v. *Dawson,* 350 U. S. 877; *Holmes* v. *City of Atlanta,* 350 U. S. 879; *Gayle* v. *Browder,* 352 U. S. 903; *New Orleans City Park Improvement Assn.* v. *Detiege,* 358 U. S. 54. It follows under our recent decision in *Bailey* v. *Patterson, ante,* p. 31, that a three-judge court was not required and that jurisdiction of this appeal is vested in the Court of Appeals.

But we see no reason why disposition of the case should await decision of the appeal by the Court of Appeals. On the merits, no issue remains to be resolved. This is clear under prior decisions and the undisputed facts of the case. Accordingly no occasion is presented for abstention, and the litigation should be disposed of as expeditiously as is consistent with proper judicial administration. In light of the perfected appeal to the Sixth Circuit Court of Appeals, it is appropriate that we treat, and we do treat, appellant's jurisdictional statement as a petition for writ

of certiorari prior to judgment in the Court of Appeals. 28 U. S. C. §§ 1254 (1), 2101 (e); *Stainback* v. *Mo Hock Ke Lok Po,* 336 U. S. 368, 370–371. The petition is granted, the District Court's abstention order is vacated and the case is remanded to the District Court with directions to enter a decree granting appropriate injunctive relief against the discrimination complained of.

*Vacated and remanded.*

MR. JUSTICE WHITTAKER did not participate in the decision of this case.