The CITY OF NEW ORLEANS, LOU-
ISIANA, Appellant,

v.

William R. ADAMS et al., Appellees.

No. 19898.

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1963.

Herman L. Barnett, Charles Schwartz, Jr., Alvin J. Liska, Ernest Salatich, James Everett Brown, Asst. City Atty., New Orleans, La., for appellant.

A. P. Tureaud, New Orleans, La., Michael Meltsner, Jack Greenberg, James M. Nabrit, III, New York City, for appellees.

Before PHILLIPS,* WISDOM and GEWIN, Circuit Judges.

* Of the Tenth Circuit sitting by designation.

PER CURIAM.

This is a class action by Negro plaintiffs to desegregate certain restaurant, bar, and lounge facilities at the Moisant International Airport near New Orleans. These facilities are operated by Interstate Host, Inc., under an exclusive lease or franchise granted by the City Council of New Orleans pursuant to a municipal ordinance. The agreement gives the City the right to review and correct deficiencies in the quality and quantity of products served, and to reduce prices if they are not in accord with prices in effect at comparable restaurants and cocktail lounges in New Orleans. The lease also provides that Interstate shall discharge any employee deemed undesirable by the New Orleans Aviation Board, the city agency charged with operating the Moisant Airport. The defendants are the City of New Orleans and the Mayor, the manager of the airport, the New Orleans Aviation Board, its chairman and members, and Interstate Company (Interstate Host, Inc.)

The defendants-appellants [1] assert the following defenses: (1) Interstate is a purely private enterprise; (2) the facilities are located on "surplus" city property, improved by Interstate at a cost of nearly a million dollars; (3) the Snack Bar and Coffee Shop serve food and drink on a desegregated basis; (4) Le Bar, the International Room, a restaurant, and the Cocktail Lounge, which adjoins the International Room, are luxury type facilities catering to a specialized clientele; (5) if an injunction were granted, the use of the facilities by Negroes would be "infinitestimally" small, and Interstate would suffer a severe financial loss.

The district judge granted a preliminary injunction. D.C. 208 F.Supp. 427 (1962). He had no alternative. The defendants do not deny that the facilities in question are segregated, and state action is evident. The defenses are patently frivolous. The Supreme Court has "settled beyond question that no

1. The lessee did not appeal.

State may require racial segregation of interstate or intrastate transportation facilities. * * * The question is no longer open; it is foreclosed as a litigable issue." Bailey v. Patterson, et al., 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512. See Burton v. Wilmington Parking Authority, 1961, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45; Turner v. City of Memphis, 1962, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762; Derrington v. Plummer, 5th Cir. 1956, 240 F.2d 922; cert. den. sub. non. Casey v. Plummer, 353 U.S. 924, 77 S.Ct. 680, 1 L.Ed.2d 719; Brooks v. City of Tallahassee, N.D.Fla.1961, 202 F.Supp. 56; Coke v. City of Atlanta, N.D.Ga.1960, 184 F.Supp. 579. The Atlanta and Tallahassee cases involved airport restaurants.

The judgment is affirmed.