**Molly Ann SEIDEN, Plaintiff,**

v.

**Myron E. BOONE et al., Defendants.**

**Civ. A. No. 2705.**

United States District Court
D. Delaware.

Sept. 27, 1963.

Irving Morris, of Cohen & Morris, Wilmington, Del., for plaintiff.

G. Francis Autman, Jr., Deputy Atty. Gen., for the State of Delaware, for defendants.

LAYTON, District Judge.

Plaintiff alleges that she is a graduate of the University of Pennsylvania Dental School and that she has passed the examinations required by the Commonwealth of Pennsylvania and the State of New York for admission to the practice of dentistry as well as the examination administered by the National Board of Dental Examiners, an agency of the American Dental Association. In 1963, she took the examination prescribed by the Delaware State Board of Dental Examiners and was subsequently notified that she had failed it. Plaintiff alleges that she has, in fact, passed the examination and has in all other respects complied with the laws of the State of Delaware for the issuance to her of a license to practice dentistry, and that the Board's action in asserting that she had failed and in denying her the opportunity to practice her profession in Delaware was wilful, arbitrary, capricious and discriminatory conduct which amounted to a denial of the due process of law and the equal protection of the laws guaranteed by the Fourteenth Amendment. Plaintiff seeks an order directing the individual members of the Board to cease discriminating against her, an order

2. See footnote 1.

directing them to issue to her a license to practice dentistry in the State of Delaware, and a judgment against them for damages to compensate for the humiliation and embarrassment suffered by her as a result of their conduct and for punitive damages. Jurisdiction is alleged on the basis of 28 U.S.C.A. § 1343 (the "Civil Rights Act") and 28 U.S.C.A. § 1331.

Defendants have moved to dismiss this action on the ground [1] that, even though a Federal Court may have jurisdiction of an action involving the construction or application of state laws or orders and ordinances of state bodies, "a sound regard for the rightful independence of state governments" requires that the Court, in the exercise of equitable discretion, abstain from and dismiss this action. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed. 971. See also e. g., Martin v. Creasy, 360 U.S. 219, 224, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959).

■ As was stated in Allegheny County v. Frank Mashuda, 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163:

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court

would clearly serve an important countervailing interest."

At the outset, however, it may be said that the nature of the issues involved in this case indicates that this is no occasion for the application of the abstention doctrine.

Concededly, Federal Courts have often abstained in cases where the state law involved in the controversy is so unclear or unsettled that federal intervention to protect constitutional rights should await a prior resolution by the state courts. See, e. g., Railroad Commission of Texas v. Pullman, supra. But this is not such a case. The Delaware Code clearly requires that if the plaintiff passed the examination and was of proper moral character, she is entitled to the issuance of a license.[2]

Again, Federal District Courts have on occasions declined to exercise their jurisdiction in other situations in which they have been asked to interfere with the actions of state officials or administrative agencies. Thus, in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1942), the Supreme Court held that the District Court should have declined to take jurisdiction in a suit to enjoin an exception granted by the state regulatory commission to its oil well-spacing rules. The Court reasoned that, because of the serious and widespread [3] effects of Federal Court intervention into a comprehensive regulatory scheme involving local policy making and extensive expertise, initial judicial review ought to be confined to the one court which the state, in order to insure uniformity and expertise, had by statute provided for that purpose.[4]

1. Another defense based upon the doctrine of sovereign immunity has been withdrawn by the State upon the concession by plaintiff that (a) the injunctive process prayed for lies against the individual defendants only and (b) damages are sought not against the State but against the defendants in their individual capacity.

2. 24 Del.Code § 1124.

3. The spacing of the exception might have affected wells throughout a very large petroleum field.

4. See also, Railroad Commission of Texas v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368 (1940), amended, 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390 (1941); Railroad Commission of Texas v. Rowan & Nichols Oil Co., 311 U.S. 570, 61 S.Ct. 343, 85 L.Ed. 358 (1941).

And, in Alabama Public Service Commission v. Southern Railway, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951), where injunctive relief was sought in the Federal District Court from an order denying permission to discontinue certain intrastate passenger services, the Supreme Court held that the District Court should not have attempted to resolve the particularly local problem of balancing the loss to the railroad from the continuation of the services in question against the public need for those services for the reason that the appeal to the Alabama Supreme Court provided by statute was an integral part of the regulatory process under the Alabama Code.

But again, the considerations underlying the Burford and Alabama Public Service Commission decisions do not apply to this case. Federal Court relief to this plaintiff would neither disturb large segments of a local regulatory scheme nor supplant specialized review within the state judicial system.

In the case at bar, plaintiff relies upon the individual liberty to practice her profession, and not upon the economic aspects of the due process and equal protection clause relied upon in Burford and Alabama Public Service Commission, supra. See Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). Where relief against state officers or agencies has been sought under the Civil Rights Act because of unreasonable searches and seizures,[5] racial segregation,[6] violations of first amendment rights,[7] and discrimination in voting,[8] Federal Courts have been reluctant to follow the abstention doctrine. The most recent of the racial segregation cases is McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), where the Court indicated that the abstention doctrine is to be given less weight when Federal Courts are asked to exercise their special responsibility for the protection of all individual civil liberties. Significantly, the Court quoted with approval the following language of Judge Murrah in Stapleton v. Mitchell, 60 F.Supp. 51 (D.C.Kans.1945):

> "We yet like to believe that wherever the Federal courts sit, human rights under the Federal Constitution are always a proper subject for adjudication, and that we have not the right to decline the exercise of that jurisdiction simply because the rights asserted may be adjudicated in some other forum."[9]

And in Browder v. Gayle, 142 F.Supp. 707 (M.D.Ala.1956), aff'd per curiam, 352 U.S. 903, 77 S.Ct. 145, 1 L.Ed.2d 114, another of these segregation cases, the District Court said the abstention doctrine:

> " * * * has no application where the plaintiffs complain that they are being deprived of constitutional civil rights, for the protection of which the Federal courts have a re-

---

5. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

6. McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963) (equitable relief against school board); Romero v. Weakley, 226 F.2d 399 (9th Cir. 1953) (same); Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1961) (injunction against enforcement on city property of state agency's segregation regulation pursuant to its authority to make regulations pertaining to safety and sanitation); Browder v. Gayle, 142 F.Supp. 707 (M.D.Ala. 1956), aff'd per curiam, 352 U.S. 903, 77 S.Ct. 145, 1 L.Ed.2d 114 (injunction against segregation statute and ordinance on city bus line).

7. Stapleton v. Mitchell, 60 F.Supp. 51 (D.Kans.1945), appeal dismissed pursuant to stipulation, sub nom Mitchell v. McElroy, 326 U.S. 690, 66 S.Ct. 172, 90 L.Ed. 406 (1945). Alesna v. Rice, 74 F.Supp. 865 (D.Haw.1947), rev'd on other grounds, 172 F.2d 176 (9th Cir. 1949).

8. Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939).

9. 373 U.S. at 674, n. 6, 83 S.Ct. at 1437.

sponsibility as heavy as that which rests on the State courts." [10]

The question of the fitness of applicants for admission to the practice of the several professions ordinarily is primarily a matter of State concern. However, we would defeat the purposes of the Civil Rights Act "if we held that assertion of a federal claim in a federal court must await an attempt to vindicate the same claim in a state court." [11] Accordingly, the abstention doctrine should not be recognized in this case and this Court will take initial jurisdiction.

---

10. Id., 142 F.Supp. at 713.

11. McNeese v. Board of Education, supra, 373 U.S. at p. 672, 83 S.Ct. at 1436.