W. Harry JOHNS, Jr., and Anne Johns, individually and as parents and natural guardians of Geoffrey Johns, Valerie Johns and Erica Johns, Plaintiffs,

v.

Robert L. D. ALLEN, Jane Ennis, Hiram N. Lasher, J. Ohrum Small, Woodrow Wilson and Harry David Zutz, State Board of Education of the State of Delaware, Paul E. Baker, Charles C. Brown, James B. McClements and Frank W. Powles and the Dover Special School District, Defendants.

Civ. A. No. 2735.

United States District Court
D. Delaware.

July 16, 1964.

Irving Morris, and Joseph A. Rosenthal, Wilmington, Del., for plaintiffs.

David P. Buckson, Atty. Gen. of Delaware, Ruth M. Ferrell, Peter Warren Green, and G. Francis Autman, Jr., Deputy Attys. Gen., for defendants.

Before BIGGS, Circuit Judge, and WRIGHT and LAYTON, District Judges.

BIGGS, Circuit Judge.

The plaintiffs, who are Protestants, by their complaints, evidence and arguments attack §§ 4101–4103, 14 Del.C., as unconstitutional. The plaintiffs seek to enjoin the reading of five verses of the Holy Bible and the recital of the Lord's Prayer in unison by the pupils in the

public schools of Delaware on every school day. The defendants assert numerous defenses. We will discuss only those which we deem to merit consideration.

Having in mind the principles enunciated by the Supreme Court in Abington School District v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963), in Murray v. Curlett, 374 U.S. 203, 83 S.Ct. 1560, and in Engel v. Vitale, 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962), and regarding these principles in the light of Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), and Turner v. City of Memphis, 369 U.S. 350, 353–354, 82 S.Ct. 805, 7 L.Ed.2d 762, we issued a rule upon the parties to show cause why this three-judge court, constituted pursuant to §§ 2281 and 2284, 28 U.S.C., should not be dissolved and the case remitted to a single Judge of the United States District Court for the District of Delaware for adjudication. The parties have responded to this rule.

The statutes attacked are as follows:

§ 4101. Religious service or exercise.

"No religious service or exercise, except the reading of the Bible and the repeating of the Lord's Prayer, shall be held in any school receiving any portion of the moneys appropriated for the support of public schools."

§ 4102. Reading of the Bible.

"In each public school classroom in the State, and in the presence of the scholars therein assembled, at least five verses from the Holy Bible shall be read at the opening of such school, upon each school day, by the teacher in charge thereof. Whenever there is a general assemblage of school classes at the opening of such school day, then instead of such classroom reading, the principal or teacher in charge of such assemblage shall read at least five verses from the

Holy Bible in the presence of the assembled scholars as directed in this section."

§ 4103. Penalties for violation of §§ 4101 and 4102.

"Any teacher or principal who fails to comply with the provisions of sections 4101 and 4102 of this title shall be subject to a penalty of $25 for the first violation, and, for a second violation, his or her certificate shall be revoked by the proper authorities."

■ The adult plaintiffs are the parents and natural guardians of the minor plaintiffs, their children, who attend a public school in Delaware. The plaintiffs are citizens of and reside in Delaware. Delaware has a compulsory education law which, with certain exceptions not pertinent here, requires children to remain in attendance in public schools during regular school hours. 14 Del.C. § 2702. The defendants are members of the State Board of Education and of local school boards. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343, substantial issues involving the violation of federal constitutional rights being involved. The adult plaintiffs as well as the infant plaintiffs have the standing to maintain the suit at bar.[1]

The State Board of Education is vested with the supervision of the public schools and of the educational interests of the State of Delaware by 14 Del.C. § 101. Despite the decisions of the Supreme Court in Abington School District v. Schempp, and in Murray v. Curlett, supra, the Attorney General of Delaware by an opinion letter dated August 12, 1963 addressed to Dr. George R. Miller, Secretary of the State Board of Education of Delaware, made clear his view that the statutes quoted above, viz., §§ 4101–4103, 14 Del.C., required the reading of the Bible and the repeating of the Lord's Prayer as stated in the public

1. The plaintiffs possess the standing to maintain the suit at bar. See Abington School District v. Schempp, 374 U.S. 203, 224 (1963), note 9, 83 S.Ct. 1560, 1572, 10 L.Ed.2d 844 cited to the text. The Supreme Court said: "The parties here are school children and their parents, who

are directly affected by the laws and practices against which their complaints are directed. These interests surely suffice to give the parties standing to complain." See also in the same case the concurring opinion of Mr. Justice Brennan at p. 266, n. 30, 83 S.Ct. 1560.

schools of Delaware. On August 19, 1963, acting upon this ruling of the Attorney General, Dr. Miller directed the "School Administrators" and the "Teachers" of the public schools of the State of Delaware "to continue the reading of the Bible and the reciting of the Lord's Prayer in accordance with 14 Delaware Code, Chapter 41, §§ 4101-4103 beginning with the opening of the school year, September 1963."[2]

The plaintiffs object to the reading of five verses of the King James version of the Bible and the reciting in unison of the Lord's Prayer by the pupils. This practice has been carried on for many years in the public schools of Delaware and has continued throughout the school year in 1963-1964. We find that the practice may reasonably be expected to continue and will continue throughout the school year commencing in September 1964 and thereafter unless enjoined.

▮ It can be contended that it appears from the face of the statutes, §§ 4101-4103, and therefore from the pleading, that the practice of reading the Bible and reciting the Lord's Prayer referred to in §§ 4102 and 4103 is a religious service or exercise because § 4101 so describes them. The three sections are part of the Delaware Code of 1953, being the first three sections of Chapter 41, "General Regulatory Provisions", relating to "Education." The Delaware Code of 1953 is substantive law and not a mere recodification.[3] Each of the three sections was intended to have and does have its individual effect and vitality but to arrive at the legal fact that the three sections must be read together and that each may and must be employed to explain and to integrate the others requires judicial interpretation and construction. We now hold that each of the three sections, 4101-4103, must be so interpreted and construed, and must be considered for the purposes of this case as part of one integrated whole. To this must be added one relevant operative fact as found immediately hereinafter. We have already found that the practice of reciting the Lord's Prayer in the public schools of Delaware is one of many years standing and we entertain no doubt and we take judicial notice of and find it to be the fact that the General Assembly of Delaware had this circumstance in mind when it enacted §§ 4101 and 4103 as well as § 4102. We refer again to the directive of the State Board of Education. It follows that the "religious service or exercise" referred to in § 4101 is the reading of the Bible as prescribed by § 4102 and the penalties prescribed by § 4103 are for failure to read the Bible as required by § 4102 or to permit any other devotional or religious exercise than that of repeating the Lord's Prayer in accordance with the long established Delaware practice. Because the foregoing interpretation is required we conclude that it cannot be justly said that the unconstitutionality of the attacked statutes appears from the statutes themselves or from the pleading. Contrast Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), and Turner v. City of Memphis, 369 U.S. 350, 353-354, 82 S.Ct. 805. See Clemmons v. Congress of Racial Equality, 201 F.Supp. 737, 745-746 (D.C.La.1962); Patterson v. Hardin, 145 F.Supp. 299 (D.C.Ind. 1956). See in particular, Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928); and Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1946).

There is, however, another point involved and the defendants have raised it. We have said that despite the necessity of reading the three statutes, §§ 4101-4103, in the light of each other and as an integrated whole, that nonetheless each of the three statutes possesses individual effect and vitality. This is peculiarly

2. Dr. Miller's directive is plaintiffs' Exhibit No. 2.

3. See the enabling Act, entitled "An Act to revise, recodify, arrange and consolidate into a code the public and general statutes of the State of Delaware." Section 1 provides: "The Delaware Code of 1953 as hereinafter set forth is hereby adopted and enacted into law."

true of § 4102 which can stand by itself and can and does have a mandatory effect without reference to §§ 4101 or 4103. So regarding § 4102, the defendants take the position, as we understand their contention, that the reading of the Bible and the recital of the Lord's Prayer as carried on in the public schools of Delaware are not religious services or exercises but are of a cultural, educational and moral nature. Here again a fact finding is required. The defendants' contention is based in part at least, we believe, on language employed in the Schempp case, 374 U.S. at 223, 83 S.Ct. at 1572. That language is as follows: "Applying the Establishment Clause principles to the cases at bar we find that the States are requiring the selection and reading at the opening of the school day of verses from the Holy Bible and the recitation of the Lord's Prayer by the students in unison. These exercises are prescribed as part of the curricular activities of students who are required by law to attend school. They are held in the school buildings under the supervision and with the participation of teachers employed in those schools. None of these factors, other than compulsory school attendance, was present in the program upheld in Zorach v. Clauson [343 U.S. 306, 72 S.Ct. 679, 96 L.Ed. 954]. The trial court in No. 142 [Schempp] has found that such an opening exercise is a religious ceremony and was intended by the State to be so. We agree with the trial court's finding as to the religious character of the exercises. *Given that finding, the exercises and the law requiring them are in violation of the Establishment Clause.*" (Emphasis added.) [4]

The provisions of the statute in the Schempp case are substantially identical with those of § 4102, disregarding the latter's compulsory attendance provision, and the Supreme Court in Schempp pointed to the finding of fact made by the trial court that the Bible was read not as a educational and cultural study, a sectarian pursuit, but as a religious service or exercise.[5]

The teachers who testified in this court made it clear that both teachers and pupils assumed a reverential attitude when the reading of the Bible took place and that they continued the same reverential attitude when the Lord's Prayer was recited in unison. We cannot and do not entertain the slightest doubt, in view of the manner in which the Bible was read and the Lord's Prayer was recited in the public schools of Delaware, including that attended by the infant plaintiffs, that these daily proceedings were devotional and religious in nature. The demeanor of certain teachers on the witness stand in this court made it obvious that they regarded the reading of the Bible and the reciting of the Lord's Prayer as a religious exercise or service carried on by them and their pupils in a devout and reverent manner.

4. See also the Schempp decision, 374 U.S., at p. 225, 83 S.Ct. at p. 1573, as follows: "It is insisted that unless these religious exercises are permitted a 'religion of secularism' is established in the schools. We agree of course that the State may not establish a 'religion of secularism' in the sense of affirmatively opposing or showing hostility to religion, thus 'preferring 'those who believe in no religion over those who do believe.' Zorach v. Clauson, supra, 343 U.S., at 314 [72 S. Ct., at 684, 96 L.Ed. 954]. We do not agree, however, that this decision in any sense has that effect. In addition, it might well be said that one's education is not complete without a study of comparative religion or the history of religion and its relationship to the advancement of civilization. It certainly may be said that the Bible is worthy of study for its literary and historic qualities. Nothing we have said here indicates that such study of the Bible or of religion, when presented objectively as part of a secular program of education, may not be effected consistently with the First Amendment. But the exercises here do not fall into those categories. They are religious exercises, required by the States in violation of the command of the First Amendment that the Government maintain strict neutrality, neither aiding nor opposing religion."

5. Compare the facts in the Murray case where on demurrer well-pleaded facts were admitted, 374 U.S. at p. 212, 83 S.Ct. 1560.

■ The Bible has to be read on every school day under § 4102. If the Bible is not read any teacher or principal of any public school in Delaware charged with the duty of seeing to it that the Bible is read is liable to the penalties prescribed by § 4103. Accordingly we hold that the reading of five verses of the Bible was required by § 4102, and that the practice thus compelled by the State of Delaware was a violation of the Establishment Clause of the First Amendment in the light of the Schempp and Murray decisions supra.

■ Section 4101 presents a different and more difficult problem. We point out that if the excepting clause, viz., ", except the reading of the Bible and the repeating of the Lord's Prayer," be stripped from § 4101 there would be doubt as to whether or not the statute would be constitutional. See Schempp, supra, 374 U.S. at p. 225, 83 S.Ct. at p. 1573 where it was said: "It is insisted that unless these religious exercises are permitted a 'religion of secularism" is established in the schools. We agree of course that the State may not establish a 'religion of secularism' in the sense of affirmatively opposing or showing hostility to religion, thus 'preferring those who believe in no religion over those who do believe.'" But it is clear that § 4101 as written gives legislative sanction[6] both to the reading of the Bible and to the reciting of the Lord's Prayer and even if the excepting clause were obliterated that which would remain obviously would be contrary to the intent of the General Assembly of Delaware for the statute would then read that no religious service or exercise should be held in any school receiving any portion of the moneys appropriated for the support of public schools and would fly in the teeth of §§ 4102 and 4103. No severability of the excepting clause § 4101 is possible under the circumstances. Cf. § 308, 1 Del.C. Section 4101, 14 Del.C., puts the imprimatur of the State of Delaware on practices in the public schools of Delaware that the Supreme Court has declared impermissible under the Establishment Clause. Therefore, the statute falls within the proscription of Schempp, Murray, and of Engel v. Vitale, supra.[7]

The issue of the constitutionality of § 4103 need not detain us long. Section 4103, as we have seen, prescribes penalties for violations of §§ 4101 and 4102. Insofar as § 4103 relates to § 4102, it is so clear as to require neither argument nor discussion to demonstrate that § 4103 imposes sanctions on the school superintendent, principal or teacher on whom the duty is imposed to see that the Bible is read as required by § 4102, if he or she fails in that duty. But it seems to be contended by the defendants that no statute of Delaware requires the recital of the Lord's Prayer and that therefore that portion of § 4103 which relates to that part of § 4101 which sanctions, as we have put it, the recital of the Lord's Prayer is without legal effect and therefore should not and cannot be declared to be unconstitutional.

■ We conclude that the defendants' position cannot be maintained for a number of reasons. First, it is not asserted by the defendants that § 4103 is severable as to its prayer-saying and Bible-reading provisions. Even if the point

6. To sanction can mean and we use the phrase here to mean "to give approval to, to give countenance to." See Webster's New International Dictionary, 3rd edition.

We refer the reader again to the very brief history of repeating or of reciting the Lord's Prayer in the public schools of Delaware at an earlier point in this opinion.

7. It is quite obvious that the Delaware statutes under attack are also unconstitutional because they serve to prefer one religion, i. e., the Christian religion, over any other. The Bible is a Christian document. The Lord's Prayer is contained in the New Testament of the King James version of the Bible, used in the public schools of Delaware. See St. Matthew, 6; 9–13; St. Luke, 11; 2–4. The practices complained of, therefore, aid and prefer the Christian religion. See Schempp v. School District of Abington Township, Pennsylvania, 177 F.Supp. 398, 405 (D.C.E.D.Pa.1959).

had been raised and argued by the defendants we could not accept it as valid in view of the words and phrases employed by the General Assembly. The General Assembly saw fit to employ the conjunctive "and" to join §§ 4101 and 4102 together in a single undifferentiated clause in § 4103. The Bible-reading provisions (§ 4102) and those relating both to Bible reading and to the reciting of the Lord's Prayer (§ 4101) are put at parity in § 4103. Each provision is equally important in § 4103. Neither should be separated from the other insofar as legal effect is concerned. To do so would, we think, set at naught the clear intention of the General Assembly. We conclude that § 308, 1 Del.C., cannot be fairly said to support severability of the provisions of § 4103 referred to. It follows, therefore, that since § 4103 is not severable and one portion, that relating to the reading of the Bible, is unquestionably unconstitutional, the whole statute must fall.

■ But even if our conclusion as to the inseverability of the provisions of § 4103 be erroneous, though we are of the contrary view, nonetheless, as we have already held, the provisions of § 4101, those relating to the recital of the Lord's Prayer as well as those pertaining to reading the Bible, constitute a sanction and this has been proscribed by the Supreme Court as unconstitutional. It follows that since § 4103 gives sanction to the practice of reciting the Lord's Prayer, sanctioned also by § 4101, § 4103 falls within the proscription of the Establishment Clause. Therefore, that portion of § 4103 relating to the Lord's Prayer, whether severable or not from the rest of the section, must also be deemed to be unconstitutional. We so hold.

■ Since the statutes specifically attacked, viz., §§ 4101–4103, 14 Del.C., require interpretation and construction as we have indicated, and a finding of fact based on judicial notice must be made in respect to all three statutes, as well as a finding of fact in respect to § 4102 respecting the religious or devotional character of Bible reading carried on as in the public schools of Delaware, before the rulings of the Supreme Court in Schempp, Murray, and Engel v. Vitale can be brought to bear squarely on the three statutes, it is clear that the lack of constitutionality does not appear from the face of the statutes or the pleading and that, therefore, this three-judge tribunal possessed and possesses the jurisdiction, the power, to adjudicate the questions of constitutionality presented insofar as the three statutes are concerned.

■ It will be borne in mind that the plaintiffs seek to enjoin not only the reading of the Bible but also the recital of the Lord's Prayer in unison by the pupils and that although they have attacked the constitutionality of §§ 4101–4103, they have not attacked the constitutionality of § 101, 14 Del.C. In fact, the plaintiffs could scarcely do so for it was unquestionably constitutional and proper for the General Assembly of Delaware to confer on the State Board of Education the supervision of public schools and of the educational interests of Delaware as prescribed by § 101. Nonetheless, the plaintiffs seek to enjoin as unconstitutional not only the reading of the Bible but also the reciting of the Lord's Prayer.[8] It is clear that the practice of reciting the Lord's Prayer in unison as required by the opinion letter of the Attorney General of Delaware and by the directive of the State Board of Education, authorized, as we have said, by § 101, constitutes an establishment of religion by state officers and state employees in violation of the First Amendment in the light of the Schempp and Murray cases. This three-judge court, constituted pursuant to § 2281, Title 28 U.S.C., so holds and is entitled to do so, even though no statute of Delaware compels the recital of the Lord's Prayer, § 101 merely conferring authority on the State Board of Education to enact its directive.

8. See Prayer "III" of the complaint.

We state that it is well established law that if there is a clear case for the convening of a three-judge court, the case can be disposed of "on any ground" whether or not it would have justified the calling of a three-judge court. See United States v. Georgia Pub. Serv. Comm'n, 371 U.S. 285, 287–288, 83 S.Ct. 397, 9 L.Ed.2d 317 (1963). It follows logically that if jurisdiction inheres in a three-judge case on the face of the pleading any and all cognizable issues in the case whether or not federal in nature or whether or not any of them when tried would support the jurisdiction of a three-judge court, can and should be adjudicated by the three-judge tribunal. This was stated succinctly in R. R. Comm'n v. Pacific Gas Co., 302 U.S. 388, 391, 58 S.Ct. 334, 337, 82 L.Ed. 319 (1938), where the Supreme Court said: "Because of the federal question raised by the bill of complaint, the District Court had jurisdiction to determine all the questions in the case, local as well as federal." The decision from which we have just quoted was cited with approval in United States v. Georgia Pub. Serv. Comm'n, supra. See the additional authorities cited in R. R. Comm'n v. Pacific Gas Co., supra, at p. 391, 58 S.Ct. 334. We hold, therefore, that since this three-judge court has jurisdiction to adjudicate the controversy respecting the constitutionality of §§ 4101–4103, it also has the power to decide the constitutionality of the practice required by the directive of the State Board of Education respecting the recital of the Lord's Prayer in the public schools of Delaware, whether or not that practice be sanctioned by the Delaware statutes last referred to or any of them.[9]

Other issues raised by the parties have been considered carefully. They do not require discussion.

Findings of fact are set out in this opinion in partial compliance with Rule 52(a), Fed.R.Civ.Proc., 28 U.S.C. Further or supplemental findings of fact, with specific references to record pages and numbered paragraphs of the pleadings, for the convenience of the reviewing Court are filed concurrently with this opinion. Appropriate conclusions of law are set out herein.

The rule to show cause will be discharged. The permanent injunction sought by the plaintiffs will issue. An appropriate decree may be submitted.

## SUPPLEMENTAL FINDINGS OF FACT

1. Plaintiffs W. Harry Johns, Jr., and Anne Johns, are the parents and natural guardians of minor plaintiffs Geoffrey Johns, Valerie Johns and Erica Johns, residing in Kent County, Delaware. R112, 147–149, 151.

2. All of the defendants reside or are located within the jurisdiction of the United States District Court for the District of Delaware. Complaint, para. 2, admitted by the Answer, para. 2.

3. The minor plaintiffs, Geoffrey Johns, Valerie Johns and Erica Johns, are presently students in the East Dover Elementary School, Dover, Kent County, Delaware. R104, 95, 81, respectively.

4. At the school attended by the minor plaintiffs there is read to the children at the opening of each school day at least five verses of the Bible selected by the teacher in charge of the class from a King James Version of the Bible. R82, 84, 95, 104.

5. The teacher selects the verses to be read from the New Testament and the Old Testament. R84, 97, 104, 108.

6. The reading of the Bible each day is followed by a recitation in unison by the children of the Lord's Prayer which the teacher leads. R83, 96, 105.

7. The attendance of each student at the ceremony of the Bible reading is compulsory. 14 Del.C. § 4102.

9. As to the jurisdiction of a single Judge of a United States District Court to enjoin unconstitutional action by state officers or employees see Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940), and Sealy v. Department of Public Instruction of Pennsylvania, 252 F.2d 898 (3 Cir.), certiorari denied 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1149 (1958).

8. The students in each class assume a reverential attitude when the reading of the Bible takes place; they continue the same reverential attitude when the Lord's Prayer is recited in unison. R83, 96, 105.

9. The practice of the daily reading of at least five verses of the Bible in the East Dover Elementary School constitutes religious instruction and the promotion of religiousness. R83, 96, 105, 238–240.

10. The practice of the daily reading of at least five verses of the Bible in the East Dover Elementary School is a religious ceremony. R83, 96, 105. '

11. The practice of the daily recitation of the Lord's Prayer in the East Dover Elementary School is a religious ceremony. R83, 96, 105.