**JEANNETTE RANKIN BRIGADE et al., Plaintiffs,**

v.

**CHIEF OF the CAPITOL POLICE et al., Defendants.**

Civ. A. No. 54-68.

United States District Court
District of Columbia.

Jan. 9, 1968.

Morton Stavis, Newark, N. J., Joseph Forer, of Forer & Rein, Washington, D. C., Harriet Van Tassel, Newark, N. J., William M. Kunstler and Arthur Kinoy, New York City, for plaintiffs.

David G. Bress, U. S. Atty., Joseph M. Hannon, Frank Q. Nebeker, Gil Zimmerman, Asst. U. S. Attys., for defendants.

## MEMORANDUM OPINION

LEONARD P. WALSH, District Judge.

This matter comes before the Court on applications for a temporary restraining order and for the convening of a three-judge court. Plaintiffs, an organization of women, and individual members of the organization, ask the court to restrain the enforcement of 40 U.S.C. § 193a et seq., by the defendants.

Plaintiffs alleged it is their intention to march upon the United States Capitol grounds on the opening day of Congress, January 15, 1968, and then to assemble to wait congressional re-action to petitions they propose to present to the Speaker of the House and to Senator Mansfield if he is available.

Plaintiffs allege the Chief of the United States Capitol Police has notified them that if they carry out this intention, such action will be violative of 9 D.C. Code § 124 and 40 U.S.C. § 193g, and that arrests will follow. They petition the Court to enjoin any such arrests, that is, to enjoin the Capitol Police from execution of the Acts of Congress which prohibit processions or assemblages on the United States Capitol grounds and the criminal prosecution for violations of these statutes.

Plaintiffs allege they intend to assemble and petition at the Capitol in a peaceful and dignified manner; that they have sought the cooperation of the Capitol Police so that they might carry out their plans without interfering with other business at the Capitol, and, at the same time, without being interfered with by the Police; that a conference was held with the Chief of the Capitol Police, who advised them the matter would be presented to the Capitol Police Board; that the Board denied permission for them to carry out their plans to assemble and petition the Congress en masse.

Plaintiffs contend that the provisions of the respective Acts, on their face, violate their First and Fifth Amendment rights, and that these provisions impose unconstitutional discretion in officials of the Legislative Branch of the Government.

40 U.S.C. § 193g provides:

"It is forbidden to parade, stand, or move in processions or assemblages in said United States Capitol Grounds, or to display therein any flags, banner or device designed or adapted to bring into public notice any party, organization, or movement, except as hereinafter provided in sections 193j and 193k of this title."

Sections 193j and 193k provide for suspension of the provisions of Section 193g at the discretion of the President of the Senate and the Speaker of the House of Representatives, acting concurrently; and if one of them is not in Washington the other may do so; and if both are absent the Capitol Police Board may act; and further, the Capitol Police Board is authorized to grant the Commissioners of the District of Columbia authority to permit the use of Louisiana Avenue for any purposes prohibited by section 193g.

Sections 124, 128 and 129 of Title 9, D.C.Code are identical to the provisions set forth above.

The question of the constitutionality of these statutory provisions has never been directly passed upon by the courts. In affirming a prosecution under the District of Columbia disorderly conduct statute, the District of Columbia Court of Appeals did avert to the statutes in question here and asserted their constitutionality. Feeley v. District of Columbia, 220

A.2d 325 (1966), reversed on other grounds, 387 F.2d 216 (D.C. Cir. 1967).

 This Court finds that the petitioners' proposed constitutional challenges to the above statutory sections are plainly unsubstantial, and the Court, therefore, dismisses the application for the convening of a three-judge Court under 28 U.S.C. § 2282. Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1934). Accord, Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed. 762 (1962).

The prohibition contained in Section 193g and the provisions for suspension in sections 193j and 193k are clear and non-discriminatory on their face, and as such, are a permissible exercise of congressional power.

Congress has the power to make reasonable limitations on the exercise of freedom of speech and assembly, for these rights do not mean that everyone with opinions to express may assemble and speak at any public place and at any time. Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965). The restrictions are reasonable in insuring non-interference with the work of the legislature, the maintenance of free movement of tourists and visitors into and around the seat of government and protection of landscape.

The allegations that the application of the provision to petitioners is unconstitutional also is plainly unsubstantial. No allegation has been made that the President of the Senate, the Speaker of the House of Representatives, or the Capitol Police Board have discriminatorily suspended the prohibition contained in Section 193g. The Court rejects petitioners' contention that the case falls within the Supreme Court's rationale in Cox v. State of Louisiana, supra. The challenged statute in *Cox* on its face precluded all assemblies and parades in specified areas, such as public streets. The court found the breadth of the statute to be unobjectionable, but held that the application of it was unconstitutional. Unlike this case, in *Cox*

there was evidence that the city officials had given prior approval for parades and assemblages to some groups even though they had the effect of obstructing traffic. As stated in *Cox*, discretion may be properly vested in certain officials, provided that it is "exercised with 'uniformity of method of treatment upon the facts of each application, free from improper or inappropriate considerations and from unfair discrimination * *.' "

For the foregoing reasons the application for the convening of a three-judge court and the application for a temporary restraining order are dismissed as frivolous.