Ivan L. Pagan HERNANDEZ,
Petitioner,

v.

TRIBUNAL SUPREMO DE PUERTO RICO, Respondent.

Civ. No. 74–308.

United States District Court,
D. Puerto Rico.

June 10, 1974.

Ivan L. Pagan Hernandez, Carolina, P. R., for petitioner.

Department of Justice, Commonwealth of Puerto Rico, San Juan, P. R., for respondent.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This is a civil action in which petitioner alleges that even though the Supreme Court of Puerto Rico, respondent herein, performed its duties in a responsible way, by taking disciplinary action against him for violating Section 926 of Title 4, Laws of Puerto Rico Annotated, his civil rights were jeopardized in that he was punished twice for the same offense, was deprived of due process and of his right for a hearing.

Petitioner further attacks the constitutionality of Section 926, supra, for alleged overbreathness.

On March 19, 1974, the petitioner filed his complaint. On March 21, 1974, the Clerk of the Supreme Court of Puerto Rico and the Secretary of Justice of the Commonwealth of Puerto Rico were served with copy of the complaint and summons.

On April 4, 1974, the parties were ordered to appear before this Court on May 16, 1974 to show cause why a three judge court should not be convened in relation to the relief requested in the complaint, and to file memoranda concerning the jurisdiction of the Court. Upon petitioner's motion of April 18, 1974 for extension of time, the Court set the hearing on the order to show cause for May 28, 1974. On April 30, 1974, petitioner filed a memorandum in support of the complaint.

The facts giving rise to the present case are summarized as follows:

On September 20, 1973, the Supreme Court of Puerto Rico issued an Order in Case Number 662, Re: Delay in filing Notice of Execution of a Power of Attorney, concerning Deed Number 17 of March 24, 1973, whereby even though no disciplinary action was taken against petitioner, as authorized under Title 4, Laws of Puerto Rico Annotated, Section 926, he was warned against subsequent disregarding of its ruling.

On January 10, 1974, the Supreme Court of Puerto Rico issued an Order in Case Number 683, Re: Delay in Filing Notice of Execution of a Power of Attorney concerning Deed Number 20 of April 13, 1973, whereby disciplinary action was taken against petitioner by imposing on him a fine of $25.00 for his repeated non-compliance with Section 926, supra, after being warned against subsequent disregarding of its rulings. Petitioner paid the fine imposed.

Petitioner filed a Motion for Reconsideration alleging that the Order of September 20, 1973, was final and that he was punished twice for the same offense thus being put twice in jeopardy. Said motion was denied by Order of February 14, 1974.

The Sections involved in this case are 922 and 926 of Title 4, Laws of Puerto Rico Annotated.

Section 922 reads as follows:

"Registration of deeds concerning powers of attorney.

It shall be the duty of every notary, before whom a deed to constitute, modify, extend, substitute, renounce, revoke, or renew a power of attorney is executed, to send to the Secretary of the Supreme Court of Puerto Rico,

within the seventy-two hours following the execution thereof, a notice certified under his seal, setting forth therein the name or names of the grantor or grantors and of the witnesses, and the date, number and nature of the deed, specifying the person to whom the power of attorney is granted, extended, modified, or revoked; in case of substitution of the power of attorney, the name of the person substituted and of the attorney-in-fact shall be stated in said notice, and in cases of renunciation of the power of attorney, the name of the constituent thereof shall be given; Provided, That it shall be the duty of the Secretary of the Supreme Court to acknowledge to the notaries the receipt of the said notice and to proceed immediately after the receipt thereof to make the corresponding entry in the register prescribed in section 924 of this title—May 8, 1937, No. 62, p. 185, § 3; May 3, 1954, No. 25, p. 166, eff. May 3, 1954."

"Liability of notary for violation. Any notary who, with malice aforethought or through negligence, fails to comply with the provisions of section 922 of this title, shall, apart from any penal liability therefor, be answerable to third parties for damages caused as a consequence of such commission or negligence, and he may be admonished, fined, suspended, or debarred from practice as a notary by the Supreme Court of Puerto Rico.—May 8, 1937, No. 62, p. 185, § 7; May 3, 1954, No. 25, p. 166, eff. May 3, 1954."

The main issue to be decided by this Court is whether it should exercise its jurisdiction to convene a three judge court to entertain the constitutional attack made by petitioner on Section 926, supra.

■ The initial inquiry the Court has to make before it decides to convene a three judge court, is whether the complaint complies with the requirements of Section 2281 of Title 28, United States Code.[1] Marin v. University of Puerto Rico (D.C.P.R.1972), 346 F.Supp. 470. Other requirements which should be complied in order to convene a three judge court are the following: A state statute or regulation must be challenged; a state officer or local officer performing a state function must be a party defendant; injunctive relief must be sought, and it must be alleged that the statute or regulation violates the Federal Constitution. See Gilhool v. Chairman (D.C.Pa.1969), 306 F.Supp. 1202.

■ We are obliged to treat the Commonwealth of Puerto Rico's statutes or regulations the same as if Puerto Rico were a state for purposes of Section 2281 jurisdiction. Mora v. Mejias (D.C.P.R.1953), 115 F.Supp. 610; Wackenhut Corp. v. Aponte (D.C.P.R.1966), 266 F.Supp. 401; Marin v. University of Puerto Rico, supra; Astol Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

■ The state statute or regulation challenged must be challenged so that a *substantial constitutional* claim be at issue. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

■ The constitutional question may be unsubstantial either because it obviously has no merit, Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152

1. Section 2281. Injunction against enforcement of State statute; three-judge court required.

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

(1933) or because prior decisions of the United States Supreme Court have settled the question. Turner v. Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). In our opinion the constitutional question raised by the petitioner is unsubstantial because it has no merit.

On September 28, 1973, the Supreme Court of Puerto Rico issued an Order (#683), which reads as follows in its dispositive part:

"In view of the delay in remittance of protocolization of power of attorney sent by the Notary Juan L. Pagan Hernandez and received at the Office of the Secretary of this Court on May 1, 1973, let the Notary abide by our Order of May 18, 1959, copy of which is attached, within the term of ten days." The Order of May 18, 1959, reads as follows:

"Delay in remittance of notice of execution of Power of Attorney and Certificate of Will.

ORDER

San Juan, Puerto Rico, May 18, 1959.

Act No. 62 of May 8, 1937, as amended by Act No. 25 of May 3, 1954, provides that it shall be the duty of every notary before whom a deed to constitute, modify, extend, substitute, renounce, reverse, or renew a power of attorney is executed, to send to the Secretary of the Supreme Court, within a term of 72 hours, a notice of said execution, certified under his seal. It further provides that any notary who, with malice aforethought or through negligence fails to comply with the aforesaid duty, in addition to any other liability, shall be admonished, fined, suspended or debarred from practice as a notary.

Act No. 99 of June 27, 1956 imposes on every notary before whom a deed of constitution, modification, revocation, extension or protocolization of wills is executed, the duty to send to the Secretary of the Supreme Court a certificate of said execution, within a term of 24 hours, authorized by him under his hand and notarial seal.

The above mentioned duties imposed by law should be strictly and faithfully complied with by every notary. In order to determine the appropriate action to be followed in the discharge of the corrective function with the law has imposed on this Court in such cases:

'(a) Every notary who should fail to send in time the notice of execution of a deed of power of attorney or the certificate of a will, shall submit to the Court, together with the remittance of said notice or certificate, a statement under his hand and notarial seal of all the facts and circumstances which caused the delay in the remittance of said notice or certificate, warranting that there was no malice or negligence in the noncompliance with the law, and stating, if such be the case, that the delay has caused no damages to anyone and that it has not been the cause of any suit or controversy.'

'(b) If the delay be due to actions of third persons beyond his power and line of duty as a notary, the notary shall attach to his statement of facts affidavits or other proper documents establishing said actions, as well as any other evidence that the notary considers should be submitted to justify his default.'

It was so agreed by the Court as witness the signature of the Chief Justice.

Luis Negrón Fernandez
Chief Justice

I attest:

Ignacio Rivera
Secretary"

The petitioner submitted to the Supreme Court of Puerto Rico, on October 15, 1973, after the term granted in the previously cited Order had elapsed, a

**134**

statement of facts whereby he stated only the following:

> "The undersigned attorney states to have abided by the Order of May 18, 1959."

We understand that respondent herein has met the fairness and reasonableness standards of due process by giving plaintiff sufficient and adequate notice and opportunity to comply with said Order of May 18, 1959 and that plaintiff failed to do so.

Wherefore, the present action is hereby dismissed.

It is so ordered.