805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Lee JACKSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-6002.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 The petitioner, Gregory Robert Miller, is appealing the denial of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. Both sides have filed briefs.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner was sentenced to ten (10) years imprisonment and five (5) years special parole after being convicted of conspiracy in violation of 21 U.S.C. Sec. 846 and aiding and abetting with others to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). Petitioner was sentenced to ten (10) years for each violation, said sentences to run concurrently. The petitioner was also given a special parole term of five (5) years pursuant to 21 U.S.C. Sec. 841(c) for the substantive offense of distribution.
 
 
 4
 On August 20, 1985, the petitioner filed a petition under 28 U.S.C. Sec. 2255 to vacate, set aside or correct his federal sentence. Petitioner claimed that he was convicted of aiding and abetting and not the substantive offense of distribution. He claimed the special parole term was therefore illegally imposed. Bifulco v. United States, 447 U.S. 381 (1980) held that 18 U.S.C. Sec. 406 does not authorize the imposition of a special parole term for a conspiracy even though that sanction is included within the penalty provision of the target or substantive offense. Id. at 390.
 
 
 5
 The United States opposed the motion stating that the judgment and commitment order appeared to indicate that the parole term was imposed for the substantive offense. The government admitted that a special parole term could not be imposed for the conspiracy violation. Bifulco v. United States, 447 U.S. 381 (1980). The sentencing court, however, was not precluded from imposing the parole term on the target offense of the conspiracy. United States v. Quintana, 673 F.2d 296 (10th Cir.), cert. denied, 457 U.S. 1135 (1982). Furthermore, the government argued that the petitioner was subject to the imposition of a special parole term if convicted as a principal or as aider and abettor. 18 U.S.C. Sec. 2.
 
 
 6
 The petitioner filed a reply stating that the judgment and commitment order did not appear to indicate for which offense the special parole term was imposed. He also raised for the first time an argument that his conviction and sentence for both conspiracy and aiding and abetting violated his rights to be free of double jeopardy and that he was subjected to multiple punishments for the same offense.
 
 
 7
 By order entered on September 30, 1985, the district court judge stated that on September 1, 1980, the petitioner sent the court a letter raising essentially the same arguments. The court treated that letter as a Sec. 2255 motion to correct and on September 8, 1980, entered an order stating that the five (5) year special parole term had been imposed pursuant to the petitioner's conviction for the substantive count of distribution of a controlled substance. 21 U.S.C. Sec. 841(a)(1). The petitioner argues that the September 1, 1980, letter should not have been construed as a motion to correct. The same issue, however, had previously been litigated by the petitioner. The district court, therefore, correctly dismissed the petition as a successive petition. The court also found that Bifulco v. United States, 447 U.S. 381 (1980), applies to the conspiracy section of the Code and that the special parole term was not illegally imposed upon the petitioner. We affirm the decision of the district court on the issue of the special parole term.
 
 
 8
 The district court did not consider the petitioner's allegations that his rights against double jeopardy had been violated. While this issue was not raised in the petition, but in the petitioner's reply, pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). The United States urges this Court to exercise its discretion and decide the issue. Singleton v. Wulff, 428 U.S. 106, 121 (1976). Singleton authorizes the Court of Appeals to resolve an issue not passed on below if the proper resolution is beyond doubt, Turner v. City of Memphis, 369 U.S. 350 (1962), or where "injustice might otherwise result." Hormel v. Helvering, 312 U.S. 552, 557 (1941). The government states that different elements are required for convictions under 21 U.S.C. Sec. 846 and Sec. 841(a)(1) and urges the Court to make a decision. This case, however, does not seem to be the extraordinary situation required by Singleton. The better choice, therefore, is to remand the case and let the district court decide this issue.
 
 
 9
 Accordingly, it is ORDERED that the district court order of September 30, 1985, regarding the special parole term is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit. It is further ORDERED that the case is remanded to the district court for consideration of the double jeopardy issue. Rule 9(d)(4), Rules of the Sixth Circuit.