In re WEISBROD & HESS CORPORATION.

No. 7789.

Circuit Court of Appeals, Third Circuit.
Argued Jan. 7, 1942.

Reargued April 24, 1942.

Decided June 22, 1942.

Alexander N. Rubin, of Philadelphia, Pa. (Hirschwald, Goff & Rubin, of Philadelphia, Pa., on the brief), for appellant.

George B. Clothier, of Philadelphia, Pa. (David F. Maxwell and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

MARIS, Circuit Judge.

George J. Meyer Manufacturing Company, petitioner herein, sold bottling machinery to Weisbrod and Hess Brewing Co., Inc., hereinafter called the Company, for $30,000 under a conditional sale agreement. The agreement was executed July 28, 1933, the machinery was installed in the Company's brewery plant and was so attached to the realty as to become a part thereof. Copies of the conditional sale contract were filed in the office of the prothonotary of Philadelphia County on August 31, 1933. The Company defaulted in payment of the purchase price, a balance of $18,566.17 remaining unpaid. On August 15, 1934 a creditor's bill in equity praying for the appointment of receivers for the Company was filed in the District Court for the Eastern District of Pennsylvania and receivers were appointed (Walter Rebmann v. Weisbrod & Hess Brewing Company, Inc., June Term, 1934, No. 8297, In Equity). On December 1, 1934 the receivers entered into an agreement to sell to Weisbrod and Hess Corporation, hereinafter called the Corporation, all the assets of the Company, including the bottling machinery, as a going concern for $60,000. By decree dated December 27, 1934 the court approved the agreement of sale and granted the receivers leave to complete the sale in accordance with the terms of the agreement. Thereafter the Corporation had possession of the brewery, including the bottling machinery, and the receivers had only the proceeds of the sale.

The receivers' first account was referred to a special master on May 29, 1935 to be audited and passed upon and the special master was directed to prepare a schedule of distribution. On September 5, 1935 the special master filed his report in which he listed the petitioner as a general creditor

and recommended that it receive a 12% dividend upon the unpaid balance of the purchase price of the bottling machinery. On September 30, 1935 the court approved the report and directed distribution to be made in accordance therewith. Thereafter a dividend check was received by the petitioner but was refused and was later returned to the receivers. On July 8, 1936 the special master reported upon the receivers' second account, which included the dividend returned by the petitioner. This report was approved and confirmed by the district court on July 29, 1936 and a decree of distribution was then entered. Timely notices of the equity proceeding and the appointment of receivers, of the application for leave to sell the Company's brewery to the Corporation at private sale, of the receivers' first account, of the special master's hearings, of the special master's report and of the time for filing exceptions thereto were mailed to the petitioner.

Although there is some confusion in the record on the point it appears that the petitioner mailed a document which it entitled a "petition of intervention and reclamation" to the attorney for the receivers on August 23, 1934 and that this document referred to the conditional sale contract and the balance still due upon the bottling machinery. Again on January 25, 1935 the petitioner sent the attorneys for the receivers and the clerk of the district court copies of a petition which it sought to file with a referee in bankruptcy. It was notified by the clerk of the court that the proceeding was in equity and that the referee in bankruptcy had no jurisdiction in the matter. Thereafter, on February 21, 1935 the petitioner filed a petition with the clerk of the court, in which it prayed for leave to intervene in the equity proceeding and for an order directing the receivers to pay the balance due on the purchase price of the machinery or in the alternative directing the receivers to return the machinery to the petitioner. On June 4, 1936 the petitioner petitioned the court for the reference of its claim to a special master. In this petition it alleged that it had lodged with the clerk of the court on February 21, 1935 a petition to reclaim and had notified the receivers but that no disposition had been made of the petition. The receivers in their answer alleged that the matter was res judicata because it had already been determined by the special master in his first report in which he had allowed the claim and awarded the petitioner a 12% dividend. There is no record of an order upon this petition but the parties agree that the court orally refused to make the reference.

This was the situation when on October 9, 1938 a trustee in bankruptcy was appointed for the Corporation. The petitioner filed a petition to intervene in the bankruptcy proceeding and for an order directing the trustee to pay the balance due on the bottling machinery or to turn over the machinery and pay a reasonable rental for its use. This petition and the trustee's answer thereto were referred to a referee in bankruptcy who dismissed the petition. The referee found that the filing of the conditional sale contract did not comply with the statutory requirement and, therefore, did not serve to reserve title in the petitioner. He also concluded that the petitioner was estopped on various grounds from asserting its claim in the bankruptcy proceeding and that in any event the validity of its claim of title had been decided in the equity suit and was, therefore, res judicata. Upon review the district court affirmed the order of the referee. It held that the validity of the claim of title was res judicata, and, therefore, it did not find it necessary to pass upon the other issues. This appeal is from the order of the district court affirming the order of the referee. We think that the district court rightly invoked the rule of res judicata and that its order must be affirmed.

The rule of res judicata which the court applied is that a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action. Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195; Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; In re Wallace's Estate, 1934, 316 Pa. 148, 174 A. 397; 30 Am.Jur., Judgments, § 172; Restatement, Judgments, §§ 1, 48. All the foregoing elements of res judicata are present in the case before us. The district court was competent to pass upon and determine claims against the Company when its equitable jurisdiction was invoked by the creditors' bill. The petitioner, knowing of the equity proceeding initiated by the creditors' bill, filed at least two petitions therein. One of them was for leave to intervene and for special relief as a creditor. The petitioner

thereby submitted itself to the jurisdiction of the equity court. It asked that court to pass upon its claim for payment of the entire balance due upon the conditional sale contract. In view of the notice which it had previously received that the machinery had been sold this could only have been upon the theory that its title to the machinery gave it a right to priority in payment out of the proceeds of the sale. Its claim of title was thus distinctly put in issue by the petitioner in a court which had jurisdiction over subject matter and person.

When the equity court directed the special master to prepare a schedule of distribution among the Company's creditors of the funds in the receivers' hands the direction involved the duty of determining the validity and character of the claims of all creditors and the petitioner's claim was necessarily included with the rest. The special master acted by listing the petitioner as a general creditor. In so doing did the special master pass upon the question of title? While he said nothing in his report about the conditional sale contract the record discloses that the existence of such a contract and the petitioner's reliance thereon was brought to his attention by counsel for the receivers at his first meeting.[1] We think it must be concluded that when the special master listed the petitioner as a general creditor he thereby decided that it did not have title to the machinery since otherwise it would clearly have been entitled as owner to priority of payment out of the proceeds of the sale.

The special master had the power to pass upon the question of title raised by the petitioner even though the receivers' account was referred to him at a time when the receivers no longer had the custody or control of the machinery, since the proceeds of the sale of the Company's assets, which included the machinery, had been substituted for those assets, as the petitioner knew when it filed its petition. The equity court undoubtedly had jurisdiction over the distribution of the funds which comprised the proceeds of the sale. By filing its claim in that court for payment in full of the unpaid purchase price the petitioner was, as we have seen, asserting a claim to those funds. It was within the scope of his reference for the special master to have awarded payment in full to the petitioner out of those funds if he had determined that it was entitled to priority by reason of its title to the machinery sold. The fact that he was without power to grant the alternative relief requested by the petitioner, possession of the machinery, does not prevent his adjudication of the status of petitioner's claim, confirmed by the district court, from operating under the doctrine of res judicata to bar the subsequent assertion by the petitioner of its claim of title.

When the district court confirmed the special master's report and adopted the

[1] It appears that at the first meeting held by the special master the following colloquy took place:

"Mr. Illoway: * * * Now, there's been a claim filed by George J. Meyer Manufacturing Company, which is in the nature of a reclamation claim, but it was never filed with the Court. It seems to be not only a reclamation claim but a claim in general for $19,587.30. I really can't tell what the claim is but it's called a 'reclamation claim' and shows the amount of $19,587.30 due.

"An Attorney: Is that for equipment, Mr. Illoway?

"Mr. Illoway: Yes. Have you got the note account there?

"Mr. Maxwell: Yes.

"Mr. Illoway: How much do you owe them, according to the note account?

"(Discussion off the record).

"Mr. Illoway: They say that was sold under conditional sales, I suppose it would be a general claim but I can't tell. We'll have to talk it over.

"(Discussion off the record).

"Mr. Illoway: We would admit it if it is filed as a general claim. If it is filed as a general claim, we will admit it.

"Mr. Maxwell: Which is this?

"Mr. Illoway: * * * The George J. Meyer Manufacturing Company filed a petition which they headed as a petition of intervention and reclamation, and in which they speak of reclamation but which also seems to be a claim for the sum of $19,587.30, so that it can be taken either way. I said that we would admit it as a general claim in the sum of $19,587.30. That's a lot—that's a little bit more than we have on our books, but all right.

"(Discussion off the record).

"Mr. Illoway: I understand it is represented by Samuel W. Cooper, in the Real Estate Trust Building; but I don't know because the original of it was originally filed with the Clerk but was later withdrawn, and whether he represents them or not I don't know."

"(Discussion off the record).

latter's recommended schedule of distribution, wherein the petitioner was treated as a general creditor, its action necessarily involved an adjudication that petitioner had no title which entitled it to priority in distribution. The petitioner acquiesced in the effect of this ruling by its failure to take exceptions to the special master's report or to appeal from the decree of the district court which confirmed it. The petitioner likewise acquiesced in this adjudication of its rights by its failure, following the court's oral ruling, to request the entry of a formal order denying its petition of June 4, 1936, and to appeal from that order. It must, therefore, be accepted that the final judgment of the district court confirming the report of the special master represented a decision upon the merits of the petitioner's claim of title.

Only a party to a prior action or his privy may avail himself of the bar of a final judgment therein by pleading res judicata. Neither the Corporation nor its trustee in bankruptcy was a party to the prior action. The Corporation, however, as purchaser from the Company was privy to a party, the Company, in that action. The petitioner urges that a party alleging privity in title and seeking to assert the finality of a prior judgment must have acquired his right subsequent to the institution of the prior suit. This, it says, the Corporation did not do since it acquired the machinery in December, 1934, whereas the petitioner's petition was not filed until February, 1935. The soundness of the petitioner's legal proposition may be conceded but the facts to which it is applicable are not disclosed in this record. On the contrary it appears that the Corporation did acquire its interest subsequent to the institution of the prior suit. The prior suit was not the petition filed by the petitioner in February, 1935, but the equity proceeding in which that petition was filed and in which it sought to intervene. The equity suit, however, was begun August 15, 1934, more than three months before the sale of the machinery to the Corporation.

In the bankruptcy proceeding now before us the petitioner, as we have seen, filed a petition to intervene and for an order directing the trustee to pay the balance due on the machinery or to turn it over and pay rental for its use. Both in substantive rights alleged and in remedies sought the petition was substantially similar to the one it filed in the earlier equity suit. The identical conditional sale contract and breach thereof gave rise to the cause of action alleged in each petition. We think it clear that the cause of action was the same in each. It follows that every element is present which is essential to the defense of res judicata, namely a final judgment, upon the merits of the cause of action now in suit, by a court of competent jurisdiction, in a prior suit in which one of the parties and a privy of the other party appeared.

Our conclusion that the district court was right in sustaining the defense of res judicata makes it unnecessary for us to decide the question whether the filing of the conditional sale contract was so defective as not to give the Corporation constructive notice of the reservation of title by the petitioner. It may be noted, however, that the trustee neither alleged nor proved that the Corporation was without actual notice of the existence of the conditional sale contract. Cf. Riccardi Motor Car, Inc., v. Weinstein, 1929, 98 Pa.Super. 41. It is likewise unnecessary for us to pass upon the trustee's contention that the petitioner is estopped to assert its claim of title because of laches and because of its alleged election of remedies.

The order of the district court is affirmed.