**CONSUMER PARTY**
and
**Max Weiner, Individually and on behalf of a class of registered voters of Pennsylvania, Plaintiffs,**
v.
**C. Dolores TUCKER, Secretary of the Commonwealth of Pennsylvania, et al., Defendants.**
**Civ. A. No. 73–1975.**

United States District Court,
E. D. Pennsylvania.
Sept. 28, 1973.

Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiffs.

M. Faith Angell, and Maria Parisi Vickers, Asst. Attys. Gen., Philadelphia, Pa., for C. Dolores Tucker.

Harry Wolov, Deputy City Solicitor, Philadelphia, Pa., for Francis B. Patterson, Eugene E. J. Maier and Louis Menna.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

NEWCOMER, District Judge.

Presently before the Court is the above captioned plaintiffs' motion for temporary and final relief, wherein said plaintiffs seek to enjoin the enforcement of a provision of the Pennsylvania Election Code of 1937, P.L. 1333, as amended by the Act of August 13, 1963, P.L. 707, § 12, 25 P.S. § 2913(b). The above cited statute regulates the time for obtaining signatures on nomination papers. The plaintiffs request that the time limitations established by, and that Section 953(b) of the Election Code, as amended by the Act of August 13, 1963, P.L. 707, § 12, 25 P.S. § 2913(b), be declared unconstitutional and void under the Constitution and laws of the United States as applied to the plaintiffs and the class of registered voters which the plaintiff Max Weiner represents; and that the defendants, their agents, employees, servants, and all persons acting in privity or concert with them be enjoined from enforcing the time limitations of §

953(b) of the Election Code; from refusing to receive and file plaintiffs' nomination papers as submitted on August 9, 1973, for Max Weiner as a candidate of the Consumer Party for the office of City Controller of the City of Philadelphia in the election of November 6, 1973; and from printing or directing the printing of ballots or preparing and/or placing any names of candidates in and upon any voting machine for use in the election of November 6, 1973, and in all subsequent November elections, unless there be included on such ballots and upon such voting machines, the names of those candidates of political bodies which have submitted nomination papers on or before the fourteenth day of August in each year, and which nomination papers are otherwise in conformance with the requirements of the Election Code, including the required affidavits and filing fees.

In that there are no contested issues of fact and all parties, by their counsel, have requested a prompt decision on the basis of the pleadings, including the motion for temporary and final relief, and the answer thereto, and after a hearing in chambers on September 24, 1973, this Court makes the following findings of fact, conclusions of law, and enters the following order.

## FINDINGS OF FACT

1. Section 953(b) of the Pennsylvania Election Code of 1937, P.L. 1333, as amended by the Act of August 13, 1963, P.L. 707, § 12, 25 P.S. § 2913(b) has already been held unconstitutional by a Three-Judge Court convened in the Middle District of Pennsylvania in Civil Action No. 72–102 (per Adams, Circuit Judge, Muir and Nealon, District Judges), wherein injunctive relief was granted as to federal and state-wide offices to be filled in the election of November of 1972. People's Party v. Tucker, 347 F.Supp. 1 (M.D.Pa.1972)

2. The instant civil action presents issues of Constitutional Law identical in all respects with the issues tried and adjudicated in the Middle District action, except that relief is sought herein as to the election of November of 1973, and as to an office to be filled by the voters of a single county. The statute here urged to be unconstitutional is the same statute held "unconstitutional and void" in the Middle District action.

3. Plaintiff Consumer Party is an unincorporated association of persons who seek to elect officers pledged to defend and advance the interests of consumers, politically and economically, which has run candidates in Pennsylvania for federal, state, and local elected offices. The Consumer Party is one of the original plaintiffs named in the complaint filed in the Middle District action.

4. Plaintiff Max Weiner is a citizen of Pennsylvania residing in the City and County of Philadelphia, within the Eastern District of Pennsylvania, and is a qualified and duly registered elector eligible for the office of City Controller of the City of Philadelphia, which office is to be filled at the election to be held November 6, 1973. Max Weiner is one of the original plaintiffs named in the complaint filed in the Middle District action in his capacity as Chairman of the Consumer Party.

5. The Middle District action was commenced and prosecuted not only on behalf of the plaintiffs named in the caption of that complaint, but also "on behalf of all other registered voters of Pennsylvania who wish to consider candidates on the ballot representing the policies and programs of the plaintiff political bodies, a class which is so numerous that joinder of all its members is impractical." The plaintiff Consumer Party is one of the political bodies referred to in that class-action averment.

6. By Order dated June 7, 1972, the Three-Judge District Court convened in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 2281–2284 held that Section 953(b) of the Act of 1937, P.L. 1333, as amended by the Act of 1963, P.L. 707, § 12, 25 P.S. § 2913(b) "is declared unconstitutional and void

with respect to the plaintiffs and the class they represent," and further held that the plaintiffs should have until August 14 of the year 1972 to file nominating papers with the Secretary of the Commonwealth of Pennsylvania relating to the general election to be held on November 7, 1972.

7. The opinion of the Middle District (per Muir, J.) pursuant to which the order was entered, further held that:

"We anticipate that the Pennsylvania legislature will enact a new and reasonable provision for circulation of nominating papers by political bodies in years subsequent to 1972. If it does not do so, persons aggrieved in the future may apply to this Court for relief." 347 F.Supp. 1, 4.

8. Jurisdiction in the instant action, as in the Middle District action, is based upon 28 U.S.C. § 1331(a) in that the matter in controversy exceeds the sum of $10,000 exclusive of interests and costs, and arises under the Constitution and laws of the United States. Jurisdiction is also based upon 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 in that the plaintiffs seek to redress the deprivations by the defendants of rights secured to them by virtue of the First, Fourteenth and Fifteenth Amendments to the United States Constitution. Jurisdiction is further based on 28 U.S.C. § 1344.

9. Defendant C. Dolores Tucker is the Secretary of the Commonwealth of Pennsylvania and pursuant to the Election Code, 25 P.S. § 2621, is the chief election officer of Pennsylvania and is charged by law with the duty of receiving and accepting nomination papers for federal and state office, including the office of Judge of a court of record to be elected by the voters of one county, and with receiving the filing fees required by law to accompany the filing of such nomination papers.

10. Defendants Francis B. Patterson, Eugene E. J. Maier, and Louis Menna, City Commissioners, constitute the Board of Elections of the City and County of Philadelphia, Pennsylvania, and are charged by law with the duty of receiving and accepting nomination papers for other offices to be filled by voters of the County of Philadelphia or of a district smaller than the County of Philadelphia and included within that County, and with receiving the filing fees required to accompany the filing of such nomination papers.

11. A "Political Party" in Pennsylvania, by Article 8, Section 801 of the Election Code, 25 P.S. § 2831, is a political organization one of whose candidates in the last general election polled in each of at least ten counties of the state not less than two percent of the largest entire vote cast in each of those counties for an elected candidate, and polled a total vote in this state at least equal to two percent of the largest entire vote cast in this state for any elected candidate; or which in a general or municipal election to elect county officers polled at least five percent of the largest entire vote cast for any elected candidate in the county. A "political party" nominates its candidates for federal and state office, or for county office, at a primary election, the candidates having been offered through nomination petitions signed by duly registered and enrolled members of that political party who are qualified electors of the state, and filed with the Secretary of the Commonwealth on or before the tenth Tuesday prior to the primary. See 25 P.S. §§ 2867, 2868, 2869, and 2873(d). One hundred signatures are required to nominate a candidate for a county office.

12. A "Political Body" is a political organization which nominates its candidates for any office to be filled by the electors of the state or of a political subdivision, including a county, by circulating nomination papers to be signed by qualified electors. 25 P.S. §§ 2831(c) and 2911.

13. The Election Code requires that the number of registered voters signing a nomination paper shall be at least equal to two percent of the largest entire vote cast for any elected candidate

in the state or in the electoral district for which the papers are to be filed, and further provides that the number of such signers shall be not less than the number of signers required for nomination petitions for party candidates for the same office. 25 P.S. § 2911(b).

14. The Election Code further provides, by the section held unconstitutional and void in the Middle District action, that signatures for nomination papers shall be obtained in the time period commencing with the tenth Wednesday prior to the date of the primary election (which under the Election Code is either the fourth Tuesday of April or the third Tuesday of May) and ending with the seventh Wednesday prior to the primary election, 25 P.S. § 2913(b). The next sub-section of the Election Code provides that such nomination papers must be filed on or before the seventh Wednesday prior to the primary election, 25 P.S. § 2913(c).

15. In the Middle District action, the plaintiff political bodies, including the instant plaintiff Consumer Party, alleged that the requirement that they obtain signatures in the required two per-cent within the statutory period of 21 days was burdensome, oppressive, and destructive of their right to place candidates upon the ballot and violated their rights under the First and Fourteenth Amendments to the Constitution of the United States.

16. In the Middle District action, the plaintiffs further alleged that § 2913(b) & (c) of Title 25 of Purdon's Statutes are unlawful and unconstitutional under the Constitution of the United States in that:

(a) they are such burdensome and oppressive barriers to placing candidates on the ballot as to violate the right to equal protection of the law under the Fourteenth Amendment to the Federal Constitution;

(b) they constitute an impermissibly heavy burden on the rights of freedom of speech, petition, and association of the plaintiff, in violation of the First Amendment to the Federal Constitution;

(c) they unduly infringe upon and violate the right to vote of the individual members and the class they represent, in violation of the Fifteenth Amendment to the Federal Constitution;

(d) no compelling state interest being present, they represent an arbitrary exercise of state power, in violation of the Fourteenth Amendment to the Federal Constitution;

(e) they constitute an unequal and invidious discrimination as to minor political bodies, in violation of the Equal Protection Clause of the Fourteenth Amendment; and

(f) they deny the plaintiff political bodies an equal opportunity to present their program to the electorate and to secure votes, and place an unequal burden on the right of the plaintiffs to form a political party, in violation of the First and Fourteenth Amendments to the Federal Constitution.

17. The allegations contained in findings of fact 15 and 16 above are equally applicable to the instant plaintiffs in the election to be held for the office of City Controller of the City of Philadelphia on November 6, 1973.

18. On August 9, 1973, the plaintiff Max Weiner submitted to the City Commissioners of the City and County of Philadelphia, who constitute the County Board of Elections of Philadelphia, nomination papers of the Consumer Party bearing 12,089 signatures purporting to nominate Max Weiner as a candidate of the Consumer Party for the office of City Controller in the election of November 6, 1973, together with the Candidate's Affidavit and Loyalty Oath and the $25 filing fee, for which office Max Weiner is eligible and fully qualified.

19. The City Commissioners examined such nomination papers and determined that the papers contained 11,903 signatures.

20. The number of signatures determined by the City Commissioners to be

contained on such nomination papers, i. e. 11,903 signatures, is in excess of two percent of the largest entire vote cast for any officer, except a judge of a court of record, elected at the last preceding election in the electoral district for which said nomination papers were presented for filing pursuant to Section 951 of the Act of 1937, P.L. 1333, as amended, 25 P.S. § 2911(b), and the nomination papers, Candidate's Affidavit and Loyalty Oath, and filing fee fully conformed in all respects to the requirements of the said Act of 1937, except as set forth in finding of fact No. 21 below.

21. On information and belief, the City Commissioners declined to file such nomination papers for the reasons held by the Middle District to be unconstitutional and void with respect to the plaintiffs and the class they represent, i. e. the requirement stated in the Election Code, 25 P.S. § 2913(b), that signatures in excess of two percent of the largest entire vote be obtained in a three-week period beginning 265 days before the election at which the candidate's name appears for the first time on the ballot, 347 F.Supp. at 4.

22. The date of August 9, 1973, on which the plaintiff Max Weiner's nomination papers were presented to the City Commissioners, is within the time period ending August 14 established by the Middle District as the date in 1972 within which nomination papers might be filed.

23. Following the rejection of his nomination papers on August 9, 1973, the plaintiff Max Weiner obtained the assistance of counsel, which counsel sought to obtain from the City Commissioners reconsideration of their action in rejecting such papers. On August 17, 1973, the City Commissioners, acting through the Commissioner who is a member of the Bar, Honorable Eugene E. J. Maier, communicated to counsel for the plaintiff that the City Commissioners did not consider themselves bound by the decision and order of the Middle District, and that such nomination papers would not be accepted except upon order of a Court.

24. On August 23, 1973, the plaintiffs, by their counsel, filed a motion for supplemental relief and to add additional parties pursuant to Rule 21 with the Clerk of the United States District Court for the Middle District of Pennsylvania.

25. Counsel for the plaintiffs has been advised by telephone on August 31, 1973, from the chambers of Honorable Malcolm Muir, that an order denying the motion for supplemental relief, without prejudice to proceed in the Eastern District, has been prepared and is being circulated for signature to the three Judges constituting the Three-Judge District Court which decided the Middle District action.

26. The relevant section of the Election Code, 25 P.S. § 2913(b), is a law of Pennsylvania of general state-wide application and is the same law which, in its application to the instant plaintiffs and the class which they represent, was vigorously defended by defendant C. Dolores Tucker, by her counsel, the Attorney General of Pennsylvania, in the Middle District action.

27. Notwithstanding the decision of the Middle District that the statute was unconstitutional as applied to the plaintiffs in the Middle District action, including the instant plaintiffs, and the class represented by those plaintiffs, defendant C. Dolores Tucker and her counsel, the Attorney General of Pennsylvania, took no appeal from that decision.

28. Notwithstanding the expectation that the General Assembly of Pennsylvania would enact an amendment to the Act of 1937 to cure the constitutional defects found by the Middle District Court to exist with respect to the time period for obtaining signatures and filing nomination papers, no such amendment has been enacted.

29. As appears from the complaint filed in this instant action, the constitutional issues raised by this litigation

have already been determined by a Three-Judge District Court convened in the Middle District of Pennsylvania in Civil Action No. 72–102, and in which injunctive relief was granted to establish August 14, 1972 as the filing date for nomination papers of independent political bodies.

30. The purpose of the Middle District action, as appears from the caption of that action and from the complaint filed therein, was conclusively to determine, one way or another, the validity of a portion of a state statute, i. e. the Pennsylvania Election Code of 1937, P. L. 1333, as amended by the Act of August 13, 1963, P.L. 707, § 12, 25 P.S. § 2913(b), regulating the time for obtaining signatures on nomination papers, and to avoid any further litigation. Max Wiener and the Consumer Party joined as plaintiffs in the Middle District action not because the Consumer Party and Max Weiner anticipated presenting and/or being candidates in 1972, but because the Consumer Party might present such candidates in the future.

31. By the judgment of the Middle District, the above cited state statute was "declared unconstitutional and void with respect to the Plaintiffs and the class they represent."

32. The plaintiffs Consumer Party and Max Weiner were plaintiffs in a certain Civil Action captioned People's Party, et al v. C. Dolores Tucker, Secretary of the Commonwealth of Pennsylvania, docketed as No. 72–102 in the Middle District of Pennsylvania.

33. The Middle District action was vigorously defended by the Attorney General of Pennsylvania who sought to uphold the constitutionality of all portions of the Pennsylvania Election Code of 1937, P.L. 1333.

34. No appeal was taken by the Attorney General of Pennsylvania from the judgment of the Middle District Court in the Middle District action.

35. No legislation has been enacted by the General Assembly of Pennsylvania to amend the portion of the Election Code held unconstitutional and void by the Middle District Court in the Middle District action.

36. On August 14, 1972, the Secretary of the Commonwealth accepted nomination papers presented by the plaintiff Max Weiner as a candidate of the plaintiff Consumer Party for the office of Representative in the General Assembly for the 202nd Representative District.

37. The 202nd Representative District contains less than 5% of the population of the City of Philadelphia.

## CONCLUSIONS OF LAW

1. The defendant City Commissioners, by their rejection of the plaintiffs' nomination papers, are performing a state function in that the law pursuant to which such rejecting occurred is a statute of general state-wide application, not a local ordinance or regulation.

2. The defendant City Commissioners, in their performance of the state function of enforcing the statute held unconstitutional and void in the Middle District action, are similarly estopped to defend the constitutionality of such statute.

3. Pursuant to settled rules determining the effect of federal judgments, the judgment in the Middle District action concludes "the rights of the parties and their privies," In re Weisbrod & Hess Corp., 129 F.2d 114, 116 (3rd Cir. 1942), and "if a second action between the same parties (or those in privity with them) is upon a different claim, the prior judgment operates as an estoppel as to those matters in issue upon the determination of which the prior finding was rendered." Jefferson School of Social Science v. Subversive Activities Control Board, 118 U.S.App. D.C. 2, 331 F.2d 76, 82 (1963).

4. The defendant C. Dolores Tucker was a party to the Middle District action in her capacity as Chief Elections Officer of the Commonwealth and she and the Commonwealth are

bound by the prior judgment that the state statute in question is unconstitutional and void as to plaintiffs and the class of voters which they represent.

5. The defendant City Commissioners, in their administration of the relevant portion of the Election Code, which portion is the same state statute adjudicated in the Middle District action, are performing a state function, see Gilhool v. Chairman and Commissioners, Philadelphia County Board of Elections, 306 F.Supp. 1202 (E.D.Pa.1969), affirmed, 397 U.S. 147, 90 S.Ct. 996, 25 L.Ed.2d 182 (1970). The defendant City Commissioners are for such purposes state officers, and have no source of lawful authority other than the state statute which has already been held unconstitutional and void.

6. Under the decisions of this Circuit, the test of privity for purposes of application of the rule of *res judicata* is whether there is a sufficiently "close relationship" between parties to the first proceeding and parties to the second proceeding "where the party to be bound in a second proceeding is different from the party against whom the original adjudication was made. . . ." Bruszewski v. United States, 181 F.2d 419, 422 (3rd Cir. 1950).

7. The defendant City Commissioners are not only in a sufficiently "close relationship" with the defendant Secretary of the Commonwealth, for application of the settled rule of *res judicata* to them, but also derive their authority solely from the state statute already held unconstitutional and void in the Middle District action, and are for these purposes the equivalent of successors in interest to the Secretary of the Commonwealth as to all relevant issues presented by this instant litigation.

8. In that the defendants are concluded by the doctrine of *res judicata* from asserting that the state statute is valid and constitutional as applied to the instant plaintiffs and the class of voters which they represent, there are no issues of fact or law to be determined by this Court as to the merits of this action.

9. When the unconstitutionality of a state statute is so well settled that it is foreclosed as a litigable issue, a Three-Judge Court is not required to pass on the case under 28 U.S.C. § 2281. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962). Such is the case even when the particular statute involved has not been tested, as was the situation in the *Bailey* and *Turner* cases. The same principle applies even more strongly to the instant action in which the identical statute has already been held unconstitutional and void as to the same plaintiffs and the class which they represent, and the defendants are bound by that judgment.

10. If the legislature of the Commonwealth of Pennsylvania had responded to the expectations of the Middle District Court, which anticipated that the Pennsylvania Legislature "will enact a new and reasonable provision for circulation of nominating papers by political bodies in years subsequent to 1972," 347 F.Supp. 1, 4, and had enacted a new filing date for nomination papers of independent political bodies, this Court might be required to pass upon the constitutionality of such a new date, but in that the legislature has failed to take any action whatsoever, this Court will continue the relief granted by the Middle District Court as to the year 1972 by granting identical relief as to the year 1973 and all succeeding years, until the legislature does so act.

11. The office of City Controller of Philadelphia for which the plaintiff seeks to be a nominee is filled by a vote of the entire electorate of the City of Philadelphia.

12. The term "nomination papers" as used in the Election Code describes the documents to be submitted for filing by independent political bodies, (i. e. those political groups which have not obtained sufficient votes in the

prior election to qualify as political parties and hold primary elections) in order to place on the ballot in the November election the nominees of such political bodies.

13. The statute held unconstitutional in the Middle District action, Section 953(b) of the Election Code, as amended by the Act of August 13, 1963, P.L. 707, § 12, 25 P.S. § 2913(b), established one uniform time limitation for the obtaining of signatures to and filing of nomination papers, which limitation was identical for all elections to be conducted under the Pennsylvania Election Code, including elections for state-wide office, elections for judicial and legislative office in which the nomination papers are to be filed with the Secretary of the Commonwealth in her capacity as State Elections Officer and the offices filled by the vote of a district which is smaller than the state and may be smaller than a county (e. g. the office of Representative in the General Assembly for certain districts), and elections for county, city and other municipal offices, in which nomination papers are filed with County Boards of Elections.

14. The judgment of the Middle District Court, as stated in its Order of June 7, 1972, was that the statute "is declared unconstitutional and void with respect to the plaintiffs and the class they represent."

15. The portion of the judgment of the Middle District which declares the statute unconstitutional and void is not limited by the language of the judgment merely to state-wide office or limited merely to those offices in which nomination papers are to be filed with the Secretary of the Commonwealth as opposed to those offices in which nomination papers are to be filed with a County Board of Elections.

16. Since a significant number of elective offices as to which nomination papers are to be filed with the Secretary of the Commonwealth (e. g. those State Representative districts which consist of portions of Philadelphia and Allegheny Counties) are voted for by constituencies which are smaller in geographic area and in population than are the constituencies which cast votes for many county, city, and other municipal offices as to which nomination papers are to be filed with County Boards of Elections, this Court determines that it would be illogical and would constitute an unreasonable classification to differentiate for constitutional purposes between the offices as to which nomination papers are filed with the Secretary, on the one hand, and offices as to which nomination papers are to be filed with a County Board of Elections, on the other hand. Further, this Court discerns no such intention in the language of the opinion or of the declaratory portion (par. 1) of the judgment of the Middle District Court.

17. Another portion of the Election Code, Section 951(b), as amended by the Act of December 22, 1971, Act No. 165, § 12, 25 P.S. § 2911(b) made applicable to state-wide offices the two percent signature requirement previously applicable to offices filled by voters of a constituency smaller than the entire state.

18. Although the Act of December 22, 1971, appears to have been the occasion for commencement of the Middle District action, the Middle District Court sustained the constitutionality of the Act of December 22, 1971. This Court does not discern in the judgment of the Middle District Court (and does not discern in the opinion of the Middle District Court, if the opinion be considered separately from the judgment) any intention that the section of the Election Code held unconstitutional, which section is the previously cited section amended by the Act of 1963, be deemed unconstitutional only as to those offices affected by enactment of the Act of December 22, 1971.

19. As conceded by the Deputy City Solicitor, the only source of a statutory time limit to regulate the acceptance as timely, or the rejection as untimely, of nomination papers by a

County Board of Elections, including the Board of Elections of Philadelphia, is the same statute adjudicated in the Middle District action. The defendant City Commissioners, represented by the Deputy City Solicitor, do not rely upon any local ordinance, local regulation, city charter provision, or any other special legislation limited to Philadelphia. Further, it appears to this Court that any special time limitation applicable only to Philadelphia County would violate the Constitution of Pennsylvania, Article VII, Section 6, P.S., providing in pertinent part that "all laws regulating the holding of elections by the citizens, or for the registration of electors, shall be uniform throughout the state, except that laws regulating and requiring the registration of electors may be enacted to apply to cities only . . . ."

20. The statute held in 1972 by a federal court of competent jurisdiction to be unconstitutional and void as to the plaintiffs, including the plaintiffs Consumer Party and Max Weiner, among other plaintiffs, and the class which they then represented, and which statute has not been amended in any respect since the date of that judgment, continues to be unconstitutional and void as to the plaintiffs Consumer Party and Max Weiner and the class which they represent.

21. Since the statute has been unconstitutional and void since the date in 1972 on which the Middle District judgment became final, the factual question whether or not the instant plaintiffs had the capacity to circulate and file nomination papers within the time limit set by the statute is not relevant in the instant litigation and plaintiffs are not thereby barred from obtaining equitable relief.

22. The specific injunctive relief granted by the Middle District was limited by that Court to the offices to be filled in the election of November 1972, which is a "General" election at which state and federal offices are filled, in the expectation expressed by that Court that the legislature of Pennsylvania would enact a valid limitation applicable in succeeding years, including 1973.

23. Since the General Assembly of Pennsylvania has failed to enact new and valid time limitations and the time limitations stated in the statute are unconstitutional and void, no valid time limitation exists as to the filing of nomination papers and the nomination papers submitted for filing on August 9, 1973, by the instant plaintiffs, were timely submitted.

24. This Court has jurisdiction to grant the equitable relief sought by the instant plaintiffs since the unconstitutionality of the statute relied on by the defendants is not open to dispute. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962).

25. The refusal of the defendant City Commissioners, who constitute the Board of Elections of Philadelphia, to receive the plaintiffs' nomination papers and place the plaintiff Max Weiner's name on the ballot as a candidate of the plaintiff Consumer Party, violates the constitutional rights of the instant plaintiffs and the class of voters which they represent and the instant plaintiffs accordingly are entitled to equitable relief.

26. In that the General Assembly of Pennsylvania has failed to enact a reasonable and constitutional time limitation regulating the filing of nomination papers, and in that the Three-Judge District Court convened in the Middle District deems the Middle District action to be closed and concluded, so that relief granted as to any election subsequent to the election of 1972 must be obtained in a separate and new Civil Action, it is in the interests of justice, in the interests of judicial economy and sound administration, and necessary to prevent a denial of equal protection of the laws to independent candidates and political bodies, that this Court declares unconstitutional and void the statute

held unconstitutional and void in the Middle District action, for the same reasons as set forth in the opinion and order filed in that action, and the reasons as set forth in the instant complaint, in this action, and this Court will enter an order of continuing effect that nomination papers be received if submitted for filing on or before August 14 of each succeeding year, until such time as the General Assembly of Pennsylvania may enact a constitutional time limitation in lieu thereof.

## ORDER

And now, to wit, this 28th day of September, 1973, it is Ordered that the defendants, their agents, employees, servants, and all persons acting in privity or concert with them are hereby enjoined from:

(a) enforcing the time limitations of § 953(b) of the Pennsylvania Election Code of 1937, P.L. 1333, as amended by the Act of August 13, 1963, P.L. 707, § 12, 25 P.S. § 2913(b), which time limitations are unconstitutional and void under the Constitution and laws of the United States as applied to the plaintiffs Consumer Party and Max Weiner and the class of registered voters which the plaintiff Max Weiner represents;

(b) refusing to receive and file the plaintiffs' nomination papers, as submitted on August 9, 1973, for Max Weiner as a candidate of the Consumer Party for the office of City Controller of the City of Philadelphia in the election of November 6, 1973; and

(c) printing or directing the printing of ballots or preparing and/or placing any names of candidates in and upon any voting machine for use in the election of November 6, 1973, and in all subsequent November elections, unless there be included on such ballots and upon such voting machines the names of those candidates of political bodies which have submitted nomination papers on or before the fourteenth day of August in each year, and which nomination papers are otherwise in conformance with the requirements of the Election Code, including the required affidavits and filing fees.

And it is so ordered.